IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JAMES LUEDTKE,

                              Petitioner,

        v.                                                          ORDER

R.D. KEYES,                                                  22-cv-589-jdp

                              Respondent.

James Luedtke, a prisoner at FCI-Oxford, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241, asserting that he was entitled to relief from his felon-in-possession conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The court dismissed the case, as a sanction against Luedtke for making threatening and uncivil statements, after the court had warned him to stop or risk dismissal. Dkt. 9. Luedtke filed an appeal, and he seeks permission to do so without prepaying the $505 appellate filing fee. Dkt. 17.

While Luedtke's motion was pending, the United States Supreme Court decided *Jones v. Hendrix*, 2023 WL 4110233 (June 22, 2023). The Court ruled that prisoners like Luedtke who have already filed a collateral attack on their sentence under § 2255 may not, by way of § 2255's "savings clause," resort to § 2241 to avoid the bar on second or successive petitions. *Jones* sought to assert the exact claim that Luedtke asserts here, namely, that his § 922(g) conviction must be set aside because the government did not prove his knowledge of the status that disqualified him from owning a firearm, as required by *Rehaif*. The Court held that even though *Rehaif*'s statutory holding did not satisfy either of § 2255(h)'s conditions for a second or successive § 2255 motion, § 2255(e) did not authorize Jones to circumvent § 2255(h)'s restrictions by presenting his *Rehaif* claim in a § 2241 petition. *Id*. at *5.

After *Jones*, no reasonable person could suppose there is any merit to Luedtke's appeal. Luedtke's § 2241 petition seeks to do the very thing the Court held impermissible in *Jones*. So this court will deny his application for leave to proceed in forma pauperis on appeal on the ground that this appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(4); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). But because *Jones* was just decided, the court will delay entering this order for a period of three weeks, to allow Luedtke to consider whether he still wishes to pursue this appeal. If he chooses to proceed, he will be liable for the full filing fee unless the court of appeals allows him to proceed in forma pauperis. If he chooses not to proceed, he will not be liable for the filing fee, but he must do two things: (1) notify this court that he wishes to withdraw his application to proceed in forma pauperis; and (2) ask the Seventh Circuit Court of Appeals for permission to withdraw his appeal.

ORDER

IT IS ORDERED that:

1. Petitioner James Luedtke's application for leave to proceed in forma pauperis on appeal, Dkt. 17, is DENIED. The court certifies that the appeal is not taken in good faith. That means that Luedtke cannot proceed with this appeal without prepaying the $505 filing fee unless the court of appeals gives him permission to do so. Under Federal Rule of Appellate Procedure 24, Luedtke will have 30 days from the date this order is entered to ask the court of appeals to review this order. Luedtke must include with his motion a copy of his affidavit of indigency and a copy of this order.

2. The clerk of court shall STAY entry of this order until July 19, 2023, to allow Luedtke time to withdraw his motion, Dkt. 17, if he so chooses. If the court does not hear from Luedtke before July 19, 2023, it will assume that he wishes to proceed in forma pauperis on appeal and it will enter the above order.

3.  If Luedtke decides to withdraw his appeal, he must seek leave from the Seventh
    Circuit Court of Appeals.


Entered June 28, 2023.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge